444

PROFESSIONAL ASSOCIATION, STATE DEPARTMENT OF EDUCATION, JOSEPH F. KELLY, ROBERT H. ARRENTS, GEORGE A. SNOW AND PAUL HILAIRE, AS MEMBERS OF THE EXECUTIVE COMMITTEE OF THE PROFESSIONAL ASSOCIATION, STATE DEPARTMENT OF EDUCATION, AND AS INDIVIDUAL EMPLOYEES OF THE STATE DEPARTMENT OF EDUCATION, PLAINTIFFS-RESPONDENTS, v. THE SALARY ADJUSTMENT COMMITTEE, DEFENDANT-APPELLANT.

Argued September 22, 1975—Decided November 18, 1975.

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for defendant-appellant *(Mrs. Erminie L. Conley,* Deputy Attorney General, on the brief; *Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Michael J. Herbert* argued the cause for plaintiffs-respondents *(Mr. William S. Greenberg,* of counsel; *Mr. Herbert,* on the brief; *Messrs. Sterns & Greenberg,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. The Appellate Division of the Superior Court in an opinion reported at 132 *N. J. Super.* 338 (App. Div. 1975), declared as void and set aside certain supplements to the joint regulations of the President of the Civil Service Commission, the State Treasurer and the Director of the Division of Budget and Accounting in the Department of the Treasury (Salary Adjustment Committee) concerning the administration of payments to State employees for unused sick leave. Certification was granted by this Court, 68 *N. J.* 145 (1975), to consider the contention of the Attorney General that the Appellate Division had erred in its interpretation of the statute involved. We affirm the Appellate Division but do not subscribe fully to the reasoning in its opinion.

In 1973 legislation was enacted *(L.* 1973, *c.* 130, *N. J. S. A.* 11:14–9 *et seq.*) providing that certain State em-

ployees, upon retirement from a State administered retirement system, would be entitled to receive a lump sum payment as supplemental compensation for each full day of earned and unused accumulated sick leave credited to the particular employee on the effective date of retirement. The Act applies to "each employee in the classified service of the State and each State employee not in the classified service who has been granted sick leave under terms and conditions similar to classified employees." *N. J. S. A.* 11:14–9. Employees of named educational institutions are also entitled to the same benefits under *N. J. S. A.* 11:14–10, subject to terms and conditions set forth therein.

The authority to promulgate rules and regulations implementing the Act was delegated to the President of the Civil Service Commission, the State Treasurer and the Director of the Division of Budget and Accounting. *N. J. S. A.* 11:14–17. These State officials comprise the Salary Adjustment Committee, the appellate herein. Effective July 1, 1973, joint regulations concerning the administration of payments to State employees for unused sick leave were promulgated by the Committee.

On December 10, 1973 the Committee set forth further guidelines implementing the 1973 Act, one of which was a regulation that:

"Any sick leave payment to a non-classified employee in the Department of Education shall take into account as an offset the additional leave authorized for such person during his employment."[1]

This regulation was intended to adjust for the fact that employees in the Department of Education who are not in the classified service receive 22 days of vacation leave each year, whereas most classified employees receive substantially

---

[1] The Committee in the Appendix to its Joint Regulations, Supplements thereto and implementing guidelines, uses the term "non-classified" in the broad sense of "employees in non-classified titles." This would include employees in unclassified service.

fewer under *N. J. S. A.* 11:14–1; see *N. J. A. C.* 14:1–
17.11. Also, classified employees are only permitted to
carry over unused vacation leave for one year — *N. J. S. A.*
11:14–1. There is no similar statutory restriction on em-
ployees not in the classified service.

The State Board of Education objected to this regulation
and requested that it be reconsidered by the Salary Adjust-
ment Committee. Following negotiations between the Com-
mittee and the Commissioner of Education, an agreement
was reached whereby the Committee rescinded the particu-
lar regulation and, on January 14, 1974, approved a new
lump sum sick leave policy for non-classified employees in
the Department of Education so long as they "follow the
standard * * * method for use, earning and accumulating
of sick leave and vacation leave." On the same date the
Department of Education issued its directive implementing
the new policy and placing its unclassified employees on the
same vacation and sick leave schedule as classified employees.

Appeal to the Appellate Division was taken from both
actions by respondent Professional Association, State De-
partment of Education, which represents professional em-
ployees of the Department. Joining in the appeal were the
individual respondents who hold unclassified positions in
the Department of Education and who are also members of
the executive committee of respondent-Association.

On June 11, 1974, while the appeal was pending, the
Committee adopted a supplement to its joint regulations
which in substance offered non-classified State employees
not covered by previous regulations (including non-classified
employees in the Department of Higher Education) the
option of retaining their existing vacation leave benefits,
or accepting the same vacation leave schedule afforded classi-
fied employees. If they accepted the latter, they would then
be eligible for the supplemental compensation provided un-
der the 1973 Act. However, if they elected to retain their
existing vacation leave benefits, they would not be eligible

for such compensation. By Supplement 2 dated July 8, 1974, this same option was extended to non-classified employees of the Department of Education. Correspondingly, the Department of Education revised its January 14, 1974 vacation and sick leave policy so as to afford its unclassified employees the aforesaid option.

The Appellate Division ruled that the clear language of the 1973 Act did not authorize or even suggest that vacation leave could be considered in determining whether sick leave was granted to unclassified employees "under terms and conditions similar to classified employees." Accordingly, the action of the Committee incorporated in Supplement 2 dated July 8, 1974, putting non-classified employees in the Department of Education to an election as to their vacation leave benefits, was declared void and was set aside. The Appellate Division also invalidated the prior sick leave policy adopted by the Committee on January 14, 1974 which conditioned the eligibility of unclassified employees in the Department for benefits under the 1973 Act on their following the standard method for the use, earning and accumulation of sick and vacation leave.

It is undisputed that the employees of the Department of Education who are not in the classified service receive the same amount of sick leave as employees in the classified service. However, as previously noted, unclassified employees of the Department of Education receive 22 days of vacation leave each year whereas most classified employees receive substantially fewer.

It is the Committee's contention on this appeal that, since vacation leave benefits can be used in lieu of sick leave, unclassified employees would be able to accumulate unused sick leave on a more advantageous basis. This disparity is the rationale underlying the supplements to the joint regulations which require unclassified employees to make the election heretofore mentioned, the contention being that the regulations, as supplemented, implement the statutory

provision that only those employees who receive sick leave "under terms and conditions similar to classified employees" are entitled to the benefits provided by the Act.

The record simply does not support the foregoing contention as a matter of fact. The Department of Education has a Vacation Leave Policy applicable to both classified and unclassified employees. One provision of this policy states:

"Use of vacation time must be approved by the employee's supervisor. Scheduling of vacation time shall be affected by pressure of unit business, need for employee services, conflict of schedule within the unit and other pertinent matters."

Based on the foregoing it would appear that a Department employee would not be able to use vacation leave in lieu of sick leave unless the policy is not enforced, or unless the sickness happened to coincide with a scheduled vacation.[2]

Even if the Committee's contention were shown to have a factual basis, the supplements to the joint regulations would appear to be an overreaction to the problem. A uniform enforcement of departmental vacation leave policy should control possible abuse of the right to accumulate sick leave. If use of vacation leave in lieu of sick leave by both classified and unclassified employees is an accepted practice and is valid, the Committee by regulation could limit the vacation leave days unclassified employees could use in lieu of their sick leave to the same number available

---

[2]The record is silent as to how and to what extent vacation leave may be used in lieu of sick leave by classified employees. Appellant in its brief refers to N. J. A. C. 4:1–17.23, applicable to classified employees, which provides in pertinent part:

"(b) Leave granted for a particular reason and used for a purpose other than that for which such leave has been granted shall be an unauthorized absence and may be cause for disciplinary action."

Yet it concedes that vacation leave may be and is utilized for any purpose, including sick days.

to classified employees. If the practice is invalid it should be ended, which will eliminate any need for a regulation of this nature at all. To this extent (assuming validity to the practice), and contrary to the Appellate Division opinion, vacation leave should be considered in implementing the statutory plan. However, it is not necessary and it is improper to compel unclassified employees to choose between reduced vacation leave benefits and total preclusion from the supplemental compensation provided under the 1973 Act. Such was not the legislative intention.

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For reversal*—None.